No. 09-4531-cv
Barney v. Con Edison

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of September, two thousand ten.

PRESENT:    JOSEPH M. McLAUGHLIN,
            GERARD E. LYNCH
                        *Circuit Judges,*
            WILLIAM K. SESSIONS,
                        *District Judge.*[*]


----------------------------------------------------------------

DOROTHY BARNEY,
                        *Plaintiff-Appellant,*


            v.                                              No. 09-4531-cv


CONSOLIDATED EDISON COMPANY OF
NEW YORK,
                        *Defendant-Appellee.*


----------------------------------------------------------------

FOR APPELLANT:        STEPHEN T. MITCHELL, New York, New York.[**]

_____

[*] The Honorable William K. Sessions III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

[**] Stephen T. Mitchell resigned from the New York State Bar in February 2010, after filing the opening brief in this case, and was removed from the roll of attorneys in July. With

FOR APPELLEE:          BARBARA JANE CAREY, (Jonathan A. Fields and Michele Molfetta, on the brief), Consolidated Edison Company of New York, Inc., New York, New York.

Appeal from the United States District Court for the Eastern District of New York (David Trager, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Dorothy Barney appeals from a judgment of the United States District Court for the Eastern District of New York (Trager, J.) granting Appellee's motion for summary judgment and dismissing her claim for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues, and hold as follows.

This Court reviews orders granting summary judgment *de novo* and determines whether the district court properly concluded there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202-03 (2d Cir. 1995). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

We analyze Barney's retaliation claim using the burden-shifting approach of

his client's support, he moved for and was granted permission to appear at oral argument on his client's behalf.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). If the plaintiff presents at least a minimal amount of evidence to support the elements of a prima facie retaliation claim, the burden shifts to the defendant to proffer a legitimate non-retaliatory reason for any adverse employment action. See Kaytor v. Elec. Boat Corp., 609 F.3d 537, 552-53 (2d Cir. 2010). If the defendant satisfies this burden, the plaintiff "must, in order to avoid summary judgment, point to evidence sufficient to permit an inference that the employer's proffered non-retaliatory reason is pretextual and that retaliation was a substantial reason for the adverse employment action." Id. at 552-53 (internal quotation marks omitted).

Having reviewed Barney's arguments on appeal and the record of proceedings below, we affirm for substantially the same reasons the district court stated in its thorough opinion. See Barney v. Consolidated Edison Co. of N.Y., __ F. Supp. 2d. __, No. 99 Civ. 823 (DGT), 2009 WL 6551494 (E.D.N.Y. Oct. 1, 2009). We therefore briefly address only Barney's specific arguments on appeal, all of which we find unpersuasive.

An independent internal audit investigation found that Barney had, inter alia, intentionally falsified her overtime data, failed to follow company procedures for reporting sick days, failed to cooperate with the investigation into her conduct by making misleading statements, and tried to conceal her actions by altering timekeeping records. Based on these findings, Con Edison, which had an inflexible policy of terminating employees who stole from the company, terminated Barney. Barney principally argues that her superiors set her up for termination by "either maliciously approv[ing] entries she mistakenly made or creat[ing] the entries themselves without her knowledge." The district court found that

3

Barney offered "no evidence" to support this theory. Barney, 2009 WL 6551494, at *16. Barney now argues that the district court failed to consider evidence supporting her theory. She identifies no specific evidence, however, that the district court overlooked. Indeed, in her reply Barney acknowledges that "[t]here is no direct evidence that [her superiors] knew of the inaccuracy of [Barney's timekeeping] submissions."

Barney argues more generally that the "district court ignored evidence of retaliatory animosity directed towards [her]." We reject any argument based on her supervisor Michael Saladino's alleged retaliatiory animosity, because Saladino, who was away on vacation when Barney was terminated, was not involved in the decision to fire Barney. As for the executive who decided to terminate her, Robert Donohue, Barney urges us to infer that Donohue had a retaliatory animus because she had complained that her 1998 performance review, which Donohue signed, was discriminatory, and therefore to infer further that his articulated non-retaliatory reason for terminating her was pretextual. In the context of this case, these facts are too flimsy to support such an inference. Barney also argues that reasonable jurors could conclude that Donohue "was untruthful about his knowledge of Ms. Barney's prior complaints of unlawful discrimination in order to advance Con Edison's legal position." This claim relates to Donohue's testimony that he was not aware of Barney's claims of racial discrimination. Barney says he must have lied about this because he testified that he had read the audit report, which discussed her claims of racial discrimination. Barney's premise – that Donohue lied – fails. The audit report refers to the fact that "Barney had previously filed an EEO grievance against Saladino when Saladino gave Barney a poor performance appraisal,"

4

but it does not report that her grievance was based on alleged racial discrimination. In any event, even if Donohue had known about Barney's previous complaint, that knowledge (or Donohue's attendant lack of credibility) would not, alone, establish pretext.

Next, Barney argues that while she was terminated for entering false overtime data, Saladino was merely reprimanded for approving that erroneous data. She claims that this disparate treatment is probative that Con Edison's articulated non-retaliatory reason for her termination was pretextual. This argument rests on the premise that Barney was similarly situated to Saladino, which the district court correctly rejected.

Contrary to Barney's contention on appeal, the district court did not err by determining as a matter of law that she was not similarly situated to Saladino. "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." Ruiz v. Cnty. of Rockland, 609 F.3d 486, 493-94 (2d Cir. 2010) (internal quotation marks omitted). Barney intentionally entered false overtime data in order to receive more pay and then attempted to cover it up; Saladino merely failed to review Barney's overtime entries correctly, conduct from which Saladino did not stand to benefit. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 568 (2d Cir. 2000) (finding as a matter of law that plaintiff who engaged in a physical fight was not similarly situated to co-workers whose offensive behavior involved words only). On these facts, no reasonable juror could have found Barney similarly situated to Saladino. See Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 n.2 (2d Cir. 2001) ("As a general rule, whether items are similarly situated is a factual issue that should be submitted to the jury.

5

This rule is not absolute, however, and a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met."  (internal citations omitted).)

Barney's opening brief omitted a number of arguments that failed below, including the argument that the audit report constituted inadmissible evidence (an argument raised only in her reply brief).  Accordingly, she has waived those arguments on appeal.  See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").  We have considered all of Barney's properly raised arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court